NICHOLAS J. BOOS (SBN 233399)
nboos@maynardnexsen.com
JOHN R. HORSTMANN (SBN 327129)
jhorstmann@maynardnexsen.com
MAYNARD NEXSEN LLP
Two Embarcadero Center, Suite 1450
San Francisco, California 94111
Telephone:  (415) 646-4700
Facsimile:   (205) 254-1999

Attorneys for Defendant
SAFECO INSURANCE COMPANY OF AMERICA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHIEN TRAN, an individual,<br><br>    Plaintiffs,<br><br>    vs.<br><br>SAFECO INSURANCE COMPANY OF AMERICA, a California corporation; and ERICA PURDY, an individual; and DOES 1 through 20, inclusive,<br><br>    Defendants. | Case No. 8:24−cv−00765−JVS−JDE<br><br>**DEFENDANT SAFECO INSURANCE COMPANY OF AMERICA'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>[*Filed concurrently with Defendant's Response to Statement of Genuine Disputes of Material Fact; (ii) Objections to Evidence Submitted by Plaintiff in Opposition*]<br><br>**Hearing**:<br>Date:    February 10, 2025<br>Time:    1:30 p.m.<br><br>Courtroom: 10C<br>Judge:      Hon. James V. Selna |

# **TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................1

II. PLAINTIFF'S OPPOSITION IS UNTIMELY ....................................................1

III. THE TOLLING PERIOD NEVER RE-STARTED ............................................2

    A. The Limitation Period Was Not Tolled By the Submission of An Engineer Report .........................................................................................3

    B. Safeco Did Not Reconsider its Claim Denial ............................................4

    C. The Insurance Commissioner's Notice Did Not Toll the Contractual Limitation Period .......................................................................................5

IV. PLAINTIFF'S BAD FAITH AND PUNITIVE DAMAGES CLAIMS FAIL ..................................................................................................7

V. CONCLUSION .....................................................................................................9

# **TABLE OF AUTHORITIES**

*Ashou v. Liberty Mut. Fire Ins. Co.*,
  138 Cal. App. 4th 748 (2006) ................................................................................ 2

*Dairy Am., Inc. v. New York Marine & Gen. Ins. Co.*,
  2009 WL 10730246 (E.D. Cal. May 7, 2009) .................................................. 3, 4

*Daneman v. Guardian Life Ins. Co. of Am.*,
  2019 WL 1229770 (C.D. Cal. Mar. 11, 2019) ...................................................... 2

*Gaylord v. Nationwide Mut. Ins. Co.*,
  776 F. Supp. 2d 1101 (E.D. Cal. 2011) ................................................................ 2

*Gurrola v. Allstate Ins. Co.*,
  2008 WL 4554879 (C.D. Cal. Oct. 6, 2008) ......................................................... 3

*IV Sols., Inc. v. PacifiCare Life & Health Ins. Co.*,
  2017 WL 4541163 (C.D. Cal. Oct. 6, 2017) ......................................................... 3

*Migliore v. Mid-Century Ins. Co.*,
  97 Cal. App. 4th 592 (2002) ................................................................................ 2

*Nilsson v. City of Mesa*,
  503 F.3d 947,fn. 2 (9th Cir. 2007) ........................................................................ 8

*Plichcik v. Safeco Insurance*,
  2024 WL 497138 (N.D. Cal. Feb. 8, 2024) ...................................................... 6, 7

*Powell v. Liberty Life Assur. Co. of Bos.*,
  No. C 06 4328 MMC, 2006 WL 2734315 (N.D. Cal. Sept. 25, 2006) ............ 3, 5

*Prudential-LMI Commercial Ins. v. Superior Court*,
  51 Cal.3d 674 (1990) ........................................................................................... 2

*Ryti v. State Farm General Ins. Co.*,
  2012 WL 5878387 (N.D. Cal. Nov. 21, 2012) ..................................................... 5

*Scollard v. State Farm Gen. Ins. Co.*,
  2023 WL 5543975 (C.D. Cal. July 7, 2023) ......................................................... 5

*Singh v. Allstate Ins. Co.*,
  63 Cal.App.4th 135 (1998) ............................................................................... 4, 5

*Soremekun v. Thrifty Payless, Inc.*,
  509 F.3d 978 (9th Cir. 2007) ................................................................................ 8

*Torres v. Unum Life Ins. Co. of Am.*, No. C,
  2009 WL 69358 (N.D. Cal. Jan. 9, 2009) ............................................................. 3

*Vitug v. Axa Equitable Life Ins. Co.*,
  2020 WL 6472673 (C.D. Cal. Sept. 16, 2020) .................................................. 3, 4

# I.    INTRODUCTION

Plaintiff's late-filed opposition fails to counter the irrefutable evidence that Plaintiff's lawsuit is barred by the insurance policy's one-year contractual limitations provision, and instead primarily focuses on a coverage argument that was not raised in Defendant's moving papers. The issue of whether or not there was a covered cause of loss is not before the Court in Safeco's motion for summary judgment. The issue before the Court is whether Plaintiff's claims for breach of contract and bad faith are barred by the insurance policy's one-year contractual limitation provision. That answer is yes. Although Plaintiff makes a number of arguments that the contractual limitation provision was tolled, those arguments are all factually or legally incorrect. Plaintiff's lawsuit is time-barred, and Safeco is entitled to summary judgment.

# II.    PLAINTIFF'S OPPOSITION IS UNTIMELY

Plaintiff filed his opposition four (4) days late, on January 21, 2025. Central District L.R. 7-9 states that an opposing party must file any opposition to a motion for summary judgment "not later than twenty-one (21) days before the date designated for the hearing of the motion." Where the twenty-first day before the hearing is a Saturday, Sunday, or legal holiday, then the filing deadline is the day *before* the Saturday, Sunday, or legal holiday. F.R.C.P. 6(a)(1)(C), 6(a)(5).

Here, the date designated for the hearing is February 10, 2025. Twenty-one days before that date was Monday, January 20, 2025, Martin Luther King Jr.'s Birthday, a legal holiday. F.R.C.P. 6 ("Legal Holidays" include Martin Luther King Jr.'s Birthday). Under Rule 6 of the Federal Rules of Civil Procedure, Plaintiff's opposition was due on Friday, January 17, 2025. However, Plaintiff did not file his opposition until 10:24 p.m. on January 21, 2025—four days late.

The Court should decline to consider Plaintiff's untimely opposition pursuant to L.R. 7-12 ("The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule"). Safeco is not asking the Court to grant summary judgment based solely on Plaintiff's failure to

timely file an opposition because the undisputed material facts show Safeco is entitled to summary judgment independent of Plaintiff's failure to comply with the federal and local rules. Plaintiff's failure to comply with the rules is an additional reason to grant Safeco's motion.

Lastly, Plaintiff's opposition fails to comply with L.R. 11-6.1 and 11-6.2 by exceeding the 7,000 word limit (when converted to a Word Document, Plaintiff's opposition consists of over 9,700 words) and fails to include a certificate of compliance per L.R. 11-6.2.

## III. THE TOLLING PERIOD NEVER RE-STARTED

Plaintiff concedes, as he must, that Safeco unequivocally denied his claim on July 20, 2021. [SUF 23.] Instead, Plaintiff argues that the contractual limitation period was subsequently tolled in three ways. Plaintiff's arguments are factually and legally incorrect.

Under California law, the one-year limitations period begins to run "at that point in time when appreciable damage occurs and is or should be known to the insured, such that a reasonable insured would be aware that his notification duty under the policy has been triggered." *Prudential-LMI Commercial Ins. v. Superior Court*, 51 Cal.3d 674, 274 (1990). The one-year contractual limitations period is tolled from the time the insured gives notice of the claim until the time the insurer unequivocally denies the claim in writing. *Id.* at 687.

Though "an insurer's agreement to reopen and reinvestigate can toll the limitations period," courts have noted the narrow circumstances under which the tolling period can be extended. *Gaylord v. Nationwide Mut. Ins. Co.*, 776 F. Supp. 2d 1101, 1114 (E.D. Cal. 2011) (citing *Ashou v. Liberty Mut. Fire Ins. Co.*, 138 Cal. App. 4th 748, 762-63 (2006)). First, an insurer's "stated willingness to reconsider its decision" does not result in tolling. *Daneman v. Guardian Life Ins. Co. of Am.*, No. 518CV01751CASSPX, 2019 WL 1229770, at *5 (C.D. Cal. Mar. 11, 2019); *see also Migliore v. Mid-Century Ins. Co.*, 97 Cal. App. 4th 592, 605 (2002) ("[a] statement

of willingness to reconsider does not render a denial equivocal"); *Torres v. Unum Life Ins. Co. of Am.*, No. C 08-1940 MHP, 2009 WL 69358, at *4 (N.D. Cal. Jan. 9, 2009); *Gurrola v. Allstate Ins. Co.,* No. EDCV08-535-VAP (JCRX), 2008 WL 4554879, at *4 (C.D. Cal. Oct. 6, 2008); *IV Sols., Inc. v. PacifiCare Life & Health Ins. Co.*, No. CV1607153SJOMRWX, 2017 WL 4541163, at *6 (C.D. Cal. Oct. 6, 2017), *aff'd,* 804 F. App'x 497 (9th Cir. 2020).

Second, an insurer's agreement to reconsider must be "express[]" and "specific" to resume tolling. *Vitug v. Axa Equitable Life Ins. Co.*, 2020 WL 6472673, at *2 (C.D. Cal. Sept. 16, 2020); *Dairy Am., Inc. v. New York Marine & Gen. Ins. Co.*, No. 107CV00537LJOSMS, 2009 WL 10730246, at *5 (E.D. Cal. May 7, 2009). Where the insurer used no "language that would have indicated to plaintiff that the prior [claim position] of had been set aside or was otherwise ineffective" tolling is not appropriate. *Powell v. Liberty Life Assur. Co. of Bos.*, No. C 06 4328 MMC, 2006 WL 2734315, at *2 (N.D. Cal. Sept. 25, 2006).

### A. The Limitation Period Was Not Tolled By the Submission of An Engineer Report

Plaintiff contends that the contractual limitation period was tolled in November 2021 by the purported submission of an engineer's report to Safeco. That argument fails for multiple reasons.

First, the premise of Plaintiff's argument is false. Plaintiff argues that his public insurance adjuster, Charles Younes, "submitted the report of Palos Verdes Engineering" in November 2021. (ECF 22, 18:16-17.) Although that statement suggests that Younes submitted the report *to Safeco*, Plaintiff has not presented any evidence supporting that incorrect suggestion. Younes' declaration states that he hired an engineer—Palos Verdes Engineering—in November 2021 (which was months after Safeco's July 2021 claim denial) and that the engineer provided a report *to him* on November 15, 2021. (ECF 22-2, Younes Decl., ¶¶ 16-17 ("On November 15, 2021, Palos Verdes Engineering provided a report to me with their findings.").)

Younes' declaration does *not* state that he provided that report to Safeco, nor could it say that. (ECF 22-2, Younes Decl., ¶¶ 16-17.) Thus, Plaintiff's assertion in his opposition brief that Younes "submitted the report of Palos Verdes Engineering" in November 2021 is—to the extent it refers to a submission to Safeco—unsupported and simply untrue.

Second, the submission of an engineer report would not toll the limitation period in any event. The tolling period does not restart by a *request* for reconsideration of a claim denial. *Singh v. Allstate Ins. Co.*, 63 Cal.App.4th 135, 148 (1998) ("once an unequivocal denial has been made, the insured's later requests for reconsideration do not serve the purposes of and do not extend the period of equitable tolling"). It can only restart if the insurer "expressly" and "specifically" *agrees* to reconsider the claim. *Vitug v.*, 2020 WL 6472673, at *2; *Dairy Am., Inc.*, 2009 WL 10730246, at *5 ("a specific agreement by an insurer to reopen and reinvestigate after a previous denial permits equitable tolling"). There was no such agreement here, even if the engineer's report had been submitted to Safeco (it was not).

### B. Safeco Did Not Reconsider its Claim Denial

Plaintiff argues the contractual limitation was tolled because Safeco allegedly reopened the claim on May 20, 2022. That argument fails for multiple reasons.

First, the claim note to which Plaintiff refers does not state that Safeco reopened the claim for reconsideration of its claim denial. Rather, the note states, "Claim reopened for SIU investigation and state investigation." Thus, the note, on its face, pertains to an investigation by the state and Safeco's Special Investigations Unit. There is no reference a reopening of the claim for reconsideration of Safeco's coverage denial.

Second, even if Safeco did reopen the claim for reconsideration of its claim denial (Plaintiff provides no evidence that it did), such reopening—by itself—would not restart the tolling period. As stated above, the law requires an insurer's "express" and "specific" agreement to reconsider a claim for tolling to resume. *Vitug*, *supra*, at

*2. "Once a claim has been closed, reconsideration of the claim does not serve to reinstate tolling." *Ryti v. State Farm General Ins. Co.*, 2012 WL 5878387, at *3 (N.D. Cal. Nov. 21, 2012) (citing *Singh*, 63 Cal. App. 4th at 142). It is only "if the insurer induces the insured to delay filing suit until after the contractual limitation period has passed" that "it may be estopped from invoking or held to have waived the contractual limitations period." *Id.* at *4. Where the insurer used no "language that would have indicated to plaintiff that the prior [claim position] of had been set aside or was otherwise ineffective" tolling is not appropriate. *Powell,* No. C 06 4328 MMC, 2006 WL 2734315, at *2 (N.D. Cal. Sept. 25, 2006); *Singh*, 63 Cal.App.4th at 145 (rejecting the insureds' tolling argument because "[n]othing Allstate did could have caused plaintiffs to believe that it waived the one-year limitation period, and its conduct did not project the expectation that plaintiffs should hold their suit in abeyance"). Here, Plaintiff has not presented any evidence that Safeco informed him that it was reopening his claim for reconsideration of its claim denial, nor could he.

### C. The Insurance Commissioner's Notice Did Not Toll the Contractual Limitation Period

Plaintiff argues that an April 3, 2020 Notice issued by the California Insurance Commissioner tolled the contractual limitation period. Again, Plaintiff is incorrect.

The Notice cited by Plaintiff states, in part, that insurers "should not attempt" to enforce policy or statutory deadlines until ninety days after the end of the state of emergency related to COVID-19. Plaintiff suggests that the Notice is binding on insurers and authoritatively extended all limitations periods, including the contractual limitation period at issue in this lawsuit. However, Plaintiff's interpretation is contrary to the plain language of the Notice and has been rejected by courts that have considered it.

In *Scollard v. State Farm Gen. Ins. Co.*, No. CV 21-06145 PSG PVC, 2023 WL 5543975 (C.D. Cal. July 7, 2023), reconsideration denied sub nom. *Scollard v. State Farm Gen. Ins. Co.*, No. CV2106145PSGPVC, 2023 WL 5543974 (C.D. Cal. Aug.

11, 2023), the court considered whether the Notice extended time for an insured to file suit under a similarly worded one-year contractual limitation period found that it was not applicable and the suit was time barred. In *Scollard*, the insured reported a claim on November 19, 2018 regarding an incident which occurred on November 16, 2018. *Id.* at * 1. The claim was denied on May 19, 2020 and the plaintiff filed suit on May 19, 2021 – exactly one year later. *Id.* at *3. The court rejected the plaintiff's contention that the April 3, 2020 Notice extended the time to file suit, agreeing with the defendant that "the April 3, 2020 notice was a request that is not mandatory." *Id.* at *7. The court stated that "[t]he context of Commissioner Lara's notice confirms that this notice was not meant to be a binding order and has not been applied as such. The language of the notice, lack of litigation surrounding it, presentation of the notice, and the practical effect the notice would have if it were binding all make clear that the notice is advisory." *Id.* The court explained the language of the Notice was akin to a request; that the Department of Insurance's website does not show an intent to prevent insurers from enforcing a contractual limitations provision, which would have been expected had the Commissioner had such an intent; and that "interpreting the April 3 notice as barring the enforcement of insurance policy deadlines resulting in forfeiture until May 28, 2023, would produce the unmanageable result of voiding various policy terms for all California insureds for over three years." *Id.* at *7-*8, fn. 4.

Similarly, in *Plichcik v. Safeco Insurance*, 2024 WL 497138, *3 (N.D. Cal. Feb. 8, 2024), the court rejected the Plaintiff-insured's argument that the Notice tolled the insurance policy's contractual limitation period. The court stated:

> As the plain language of the notice indicates, the intention is purely precatory, not mandatory. There is no indication that the notice was intended to operate as a binding legal obligation on insurers. To conclude otherwise would result in the extreme outcome that all claims like [the plaintiff's] and many others were tolled from April 3, 2020, through February 28, 2023, when Governor Newsom terminated the

Covid-19 state of emergency. *Id.* at *3.

Thus, *Scollard* and *Plichcik* further confirm that the April 3, 2020 Notice did not toll the contractual limitation period at issue here. Plaintiff's proffered interpretation of the Notice is simply incorrect. The Notice did not create any tolling doctrine and did not have any legal effect on the contractual limitation period applicable in this case.

In sum, Plaintiff's "tolling" arguments fail. The undisputed facts show that Plaintiff's lawsuit is barred by the insurance policy's contractual limitation provision.

## IV. PLAINTIFF'S BAD FAITH AND PUNITIVE DAMAGES CLAIMS FAIL

Even if Plaintiff could maintain his lawsuit, Safeco showed in its opening papers that, as a matter of law, its claim handling was not unreasonable. This conclusion is supported by Plaintiff's response to Safeco's motion. In this regard, it is undisputed that Plaintiff, through his public adjuster, reported a loss to Safeco on March 11, 2021 (SUF 5-6); that Safeco sent a request for documents to Plaintiff's public adjuster on March 22, 2021 (SUF 11); that Safeco retained an independent adjuster who inspected the property on April 1, 2021 (SUF 12); that Safeco's independent adjuster reported that roof shingles did not appear to be damaged by wind (SUF 16); that Safeco retained engineer Wayne Deming (SUF 19); that Deming issued a report which stated, among other things, "[t]he rainstorm on March 10, 2021, had not caused storm-forced openings in the building's envelope" (SUF 21-22); that Safeco sent a July 20, 2021 denial letter asserting the applicability of exclusions (SUF 24-27); and that Safeco's July 21, 2021 denial letter notified Plaintiff of the policy's contractual limitation provision. (SUF 28.) Thus, the undisputed evidence shows that Safeco conducted a prompt, thorough investigation that included obtaining an opinion from an engineer regarding the cause of loss.

In response to that undisputed evidence, Plaintiff argues that his claim was

covered instead of arguing the *reasonableness* of Safeco's determination that it was not covered. Thus, Plaintiff's argument—which is largely based on inadmissible purported evidence (*see* Safeco's evidentiary objections)—misses the point of this motion. This motion does not address the issue of whether or not Safeco correctly determined that Plaintiff's claim was precluded from coverage by exclusions. Rather, in the event Plaintiff's lawsuit is not barred by the contractual limitation provision, this motion is about whether Safeco's claim handling was *reasonable*—regardless of whether or not its coverage determination was incorrect. The evidence cited above shows that Safeco's claim handling was reasonable.

Moreover, the centerpiece of Plaintiff's argument that the claim was covered supports the reasonableness of Safeco's determination that it was not. Plaintiff's evidence includes a purported report by Palos Verdes Engineering. (ECF 22-2, pp. 90 of 325.) However, that report does not dispute engineer Deming's findings, and does not state that wind caused openings in the building envelope. Rather, the "Conclusions" section states that a rainstorm "developed wind gusts that directed rainfall into the building envelope causing water intrusion[.]"

Plaintiff makes a number of other speculative and conclusory assertions that are unsupported and do not create an issue of fact. *See, e.g., Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) ("Conclusory, speculative testimony in affidavits . . . is insufficient to raise genuine issues of fact and defeat summary judgment"); *Nilsson v. City of Mesa*, 503 F.3d 947, 952 fn. 2 (9th Cir. 2007) ("[A] conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact"); *Abram v. City and County of San Francisco*, WL 4462104, *4 (N.D. Cal. Oct. 3, 2008).

The undisputed facts here show that Plaintiff's claim for breach of the implied covenant of good faith and fair dealing fails as a matter of law. So too does Plaintiff's claim for punitive damages, which would fail in any event because there is no evidence—let alone clear and convincing evidence—of malice, oppression, or fraud.

## V. CONCLUSION

For the reasons discussed above, Safeco respectfully requests that summary judgment be granted in its favor.

Dated: January 27, 2025

MAYNARD NEXSEN LLP

By: */s/ Nicholas J. Boos*
NICHOLAS J. BOOS
JOHN R. HORSTMANN

Attorneys for Defendant
SAFECO INSURANCE COMPANY OF AMERICA

# CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.1

The undersigned, counsel of record for Defendant Safeco Insurance Company of America ("Safeco"), certifies that this brief contains 2,738 words (excluding the caption, any table of contents, any table of authorities, the signature block, this certification, and any indices and exhibits), which complies with the 7,000 word limit of Local Rule 11-6.1.

Dated: January 27, 2025

MAYNARD NEXSEN LLP

By: */s/ Nicholas J. Boos*
NICHOLAS J. BOOS
JOHN R. HORSTMANN
Attorneys for Defendant
SAFECO INSURANCE
COMPANY OF AMERICA