UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-00765-JVS-JDE | Date | February 10, 2025 |
| Title | Chien Tran v. Safeco Insurance Company of America et al | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** [IN CHAMBERS] Order Regarding Motion for Summary Judgment [21]

Before the Court is Safeco Insurance Company of America's ("Safeco") Motion for Summary Judgment. (Motion, Dkt. No. 21.) Chien Tran ("Tran") opposed[1] (Opp'n, Dkt. No. 22), and Safeco replied (Reply, Dkt. No. 23.) Both parties submitted on the Court's tentative and the February 10, 2025 hearing was vacated.

For the following reasons, the Court **GRANTS** the Motion for Summary Judgment.

## I. BACKGROUND

The following facts are undisputed unless noted otherwise. Safeco issued a Landlord Protection Policy ("the Policy"), policy number OA4567330, to Tran for the period of November 30, 2020 to November 30, 2021. (Defendant's Response to Statement of Genuine Disputes ("Safeco SGD"), Dkt. No. 23-1 ¶ 1.) The Policy provided insurance for 12292 Rachero Avenue, Apartments 1, 2, 3, and 4, Garden Grove, CA 92843-2829 ("the Property"). (Id. ¶ 2.)

The Policy contained the following contractual limitations provision:
**"10. Suit Against Us.** No action shall be brought unless there has been full compliance with all of the policy provisions and the action is started within one year after inception

---

[1] Safeco argues that Tran's Opposition is untimely. (See Reply, at 1.) Since the Opposition was due on Monday, January 20, 2025, a federal holiday, the responses were due the next business day under Fed. R. Civ. P. 6(1)(C). Thus, the Court finds the Opposition was timely filed on January 21, 2025.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-00765-JVS-JDE | Date | February 10, 2025 |
| Title | Chien Tran v. Safeco Insurance Company of America et al | | |

of the loss or damage." (Id. ¶ 3.)

On March 10, 2021, Tran retained a public adjuster, Yellow Claims, to represent him in handling his claim for the wind and water damage in the Property. (Id. ¶¶ 5–6.) Safeco notified Plaintiff it opened the subject insurance claim on March 11, 2021, and it was assigned to adjuster Erica Purdy ("Purdy") for handling on behalf of Safeco. (Id. ¶¶ 7–8.) On March 22, 2021, Purdy sent an email to Yellow Claims requesting documents from Yellow Claims and also retained independent adjuster Cody McIntosh ("McIntosh") to inspect the Property who inspected the Property on April 1, 202. (Id. ¶¶ 11–13.) McIntosh reported to Safeco that he saw no wind damage the following day. (Id. ¶ 15.) Contrarily, Tran's public adjuster from Yellow Claims, Charles Younes ("Younes"), who was also at the inspection, reported that wind caused water to enter the building. (Id. ¶ 14.) On April 2, 2021, Safeco informed Yellow Claims it was continuing its investigation of the claim because its inspection of the claimed damages was "inconsistent with the cause of loss and damages being claimed." (Id. ¶ 18.) On or about April 13, 2021, Purdy retained engineer Wayne B. Deming ("Deming") from the Rimkus Consulting Group to determine the cause of the claimed wind and water damage. (Id. ¶ 19.)

Based on Deming's inspection, Safeco denied Tran's claim on July 20, 2021.[2] (Id. ¶ 23.) Yellow Claims disputed Deming's findings and hired Palos Verdes Engineering on November 15, 2021, to reinvestigate the loss. (Tran's Additional Undisputed Material Facts ("Tran SGD"), Dkt. No. 23-1 ¶ 25.) The report states that the weather on March 10, 2021 caused the water intrusion. (Id. ¶ 26.) Later, in May 20, 2022, Safeco reopened the case for its Special Investigations Unit ("SUI") and state investigation. (Id. ¶ 27.)

On June 20, 2023, Tran filed a complaint against Safeco for (1) Breach of Contract, (2) breach of the implied covenant of good faith and fair dealing, and (3) intentional infliction of emotional distress. (Safeco SGD ¶ 30; see also Complaint, Dkt. No. 1, Ex. A.) Safeco now moves for summary judgment on the breach of contract and implied covenant claims based on the Policy's contractual limitations provision. (Mot.,

---

[2]Tran disputes that Safeco's conclusions were the result of Deming's investigation, but an already-determined outcome. (See SGD ¶ 23.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:24-cv-00765-JVS-JDE                              Date  February 10, 2025

Title  Chien Tran v. Safeco Insurance Company of America et al

at 2.)

## II. LEGAL STANDARD

Summary judgment is appropriate where the record, read in the light most favorable to the nonmovant, indicates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). Summary adjudication, or partial summary judgment "upon all or any part of [a] claim," is appropriate where there is no genuine dispute as to any material fact regarding that portion of the claim. Fed. R. Civ. P. 56(a); see also Lies v. Farrell Lines, Inc., 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim. . ." (citation omitted)).

Facts are "material" if they are necessary to the proof or defense of a claim, and are determined by referring to substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To determine if a dispute about a material fact is "genuine," the trial court must not weigh the evidence and instead must draw all reasonable inferences in the nonmoving party's favor. Tolan v. Cotton, 572 U.S. 650, 655–59 (2014) (per curiam). The nonmoving party cannot manufacture a "genuine dispute" by relying on allegations in the pleadings. Anderson, 477 U.S. at 251; Oracle Am., Inc. v. Hewlett Packard Enter. Co., 971 F.3d 1042, 1049 (9th Cir. 2020).

A trial court may not resolve issues of credibility to determine whether a fact is "genuinely disputed." See Tolan, 572 U.S. at 658–59. To do so is to improperly weigh the evidence. Id. A court may discount uncorroborated, self-serving testimony where "it states only conclusions and not facts." Nigro v. Sears, Roebuck & Co., 784 F.3d 495, 497–98 (9th Cir. 2015). However, a court may not discount "self-serving" testimony that includes contrary factual assertions and requires the observation of a witness's demeanor to assess credibility. See Manley v. Rowley, 847 F.3d 705, 711 (9th Cir. 2017). Furthermore, an undisputed fact may support several reasonable inferences, but a trial judge must resolve those differing inferences in favor of the nonmoving party. See Tolan, 572 U.S. at 660. In deciding a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-00765-JVS-JDE | Date | February 10, 2025 |
| Title | Chien Tran v. Safeco Insurance Company of America et al | | |

favor." Anderson, 477 U.S. at 255.³

    The moving party has the initial burden of establishing the absence of a material fact for trial. Id. at 256. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . ., the court may . . . consider the fact undisputed." Fed. R. Civ. P. 56(e)(2). Furthermore, "Rule 56[(a)]⁴ mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322. To defeat summary judgment, the nonmoving party who bears the burden at trial must present more than a "mere scintilla" of "affirmative evidence." Galen v. Cnty. of L.A., 477 F.3d 652, 658 (9th Cir. 2007) (citations omitted). Furthermore, the nonmoving party "must direct [the court's] attention to specific, triable facts. General references without pages or line numbers are not sufficiently specific." S. Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885, 889 (9th Cir. 2003) (citations omitted).⁵ Therefore, if the nonmovant does not make a sufficient showing to establish the elements of its claims, the Court must grant the motion.

    Where the parties have made cross-motions for summary judgment, the Court must consider each motion on its own merits. Fair Hous. Council of Riverside Cnty., Inc. v. Riverside Two, 249 F.3d 1132, 1136 (9th Cir. 2001). The Court will consider each

---

    ³ "In determining any motion for summary judgment or partial summary judgment, the Court may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the 'Statement of Genuine Disputes' and (b) controverted by declaration or other written evidence filed in opposition to the motion." L.R. 56-4.

    ⁴ Rule 56 was amended in 2010. Subdivision (a), as amended, "carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word — genuine 'issue' becomes genuine 'dispute.'" Fed. R. Civ. P. 56, Notes of Advisory Committee on 2010 amendments.

    ⁵ Each fact in the Statement of Uncontroverted Facts, the Statement of Genuine Disputes, and the Response to Statement of Genuine Dispute of Material Fact "must be numbered and must be supported by pinpoint citations (including page and line numbers, if available) to evidence in the record." L.R. 56-1, 2, 3. "The Court is not obligated to look any further in the record for supporting evidence other than what is actually and specifically referenced in the Statement of Uncontroverted Facts, the Statement of Genuine Disputes, and the Response to Statement of Genuine Disputes." L.R. 56-4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:24-cv-00765-JVS-JDE                                     Date  February 10, 2025

Title  Chien Tran v. Safeco Insurance Company of America et al

party's evidentiary showing, regardless of which motion the evidence was tendered under.  See id. at 1137.

### III. DISCUSSION

*A.   Evidentiary Objections*

When resolving a motion for summary judgment, courts may only consider admissible evidence.  Fed. R. Civ. P. 56.  On a motion for summary judgment, a party may object that the material used to "dispute a fact cannot be presented in a form that would be admissible in evidence."  Fed. R. Civ. P. 56(c)(2).  A court must rule on material evidentiary objections.  Norse v. City of Santa Cruz, 629 F.3d 966, 973 (9th Cir. 2010).

In resolving these motions for summary judgment, the Court only considered admissible evidence.  When the Order cites evidence to which the parties have objected, the objection is impliedly overruled.  Additionally, the Court declines to rule on objections to evidence upon which it did not rely.

*B.   Motion for Summary Judgment*

1.   Statute of Limitations

Safeco contends that the statute of limitations bars Tran's suit because the Policy states, "[n]o action shall be brought unless there has been full compliance with all of the policy provisions and the action is started *within one year after inception of the loss or damage*."  (Mot., at 7; Policy, Dkt. No. 21-2, Ex. 1, at 60) (emphasis added).)  Safeco argues that California courts have repeatedly found contractual limitations of one year to be reasonable and enforceable.  (Mot., at 7.)  Given the valid contractual provision, it argues that the period ran from the time that Tran knew about the alleged damage, but tolled until the insurer unequivocally denied the claim in writing.  (Id. at 8.)  Thus, according to Safeco, the limitation period began on July 30, 2021, when it mailed the claim denial letter to Tran's public adjuster.  (Id. at 9; Safeco's SGD ¶ 23.)  Since Tran's deadline to file a lawsuit was July 30, 222, Safeco argues that Tran's June 20, 2023, complaint was a year too late.  (Mot., at 9.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:24-cv-00765-JVS-JDE                                                       Date   February 10, 2025

Title   Chien Tran v. Safeco Insurance Company of America et al

    Equitable tolling suspends or extends the applicable statute of limitations. Lantzy v. Centex Homes, 31 Cal. 4th 363, 370 (2003). Claims against an insurer are equitably tolled from the time the insured files a timely notice to the time the insurer unequivocally denies the claim in writing. See Prudential-LMI Com. Ins. v. Superior Ct., 51 Cal. 3d 674, 678, 798 P.2d 1230 (1990), as modified (Dec. 13, 1990). In an insurance context, the statute of limitations is generally not tolled for a second time-- during the period of reconsideration. Since the insured has already been denied the claim prior to the request for reconsideration, there are at least some grounds to sue the carrier. See Singh v. Allstate Ins. Co., 63 Cal. App. 4th 135, 142, 73 Cal. Rptr. 2d 546, 551 (1998) ("The policies underlying equitable tolling cease to exist once the carrier has received notice, investigated the claim, and denied coverage.") Therefore, there is no justification for equitable tolling once the insurer initially denied the claim. See id. However, the statute of limitations is tolled in limited circumstances where an insurer expressly agreed to reopen the claim to reinvestigate or where the insurer's actions induced the insured to delay filing suit.[6] See id. at 144; Prudential–LMI Com. Insurance v. Superior Court, 51 Cal. 3d 674, 689–90, 798 P.2d 1230 (1990). A mere request for reconsideration or the insurer's statement of willingness to review additional information does not toll the statute of limitations. See id. at 135; see also Vitug v. AXA Equitable Life Ins. Co., No. 2:20-CV-05492-RGK-PD, 2020 WL 6472673, at *2 (C.D. Cal. Sept. 16, 2020).

    Here, it is undisputed that Safeco denied the claim on July 20, 2021, and sent the denial letter to Yellow Claims on July 30, 2021. (Safeco SGD ¶ 23.) Tran then had until July 30, 2022, to file a lawsuit unless his claims were equitably tolled for a second time. Thus, the issue is whether there was an express agreement to reopen Tran's claim, warranting a tolling the statute of limitations. First, Tran argues that equitable tolling applies because his claim was reopened for reconsideration in November 2021, when he

---

[6] Tran cites Ashou v. Liberty Mut. Fire Ins. Co. to argue that reopening his claim revived the tolling period. However, Ashou is distinguishable because the issue concerned whether equitable tolling specifically applies to the one-year period in California Code of Civil Procedure section 340.9. See id. at 828-30. The Ashou court further distinguished the facts of Ashou from Singh, noting that in Ashou, "between the insurer's initial denial of the claim and the insured's request for reconsideration, the Legislature found the insurance industry's response to [a large earthquake] to have been so inadequate that it was necessary to enact blanket legislation. . ." Id. at 830. The Court finds that this case is more analogous to Singh, where "little had changed between the insurer's initial denial of the claim and the insured's request for reconsideration." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-00765-JVS-JDE | Date | February 10, 2025 |

| | |
|---|---|
| Title | Chien Tran v. Safeco Insurance Company of America et al |

submitted the report by Palos Verdes Engineering. (Opp'n, at 18.) However, as Safeco argues, Tran failed to provide any evidence that he indeed sent this report to Safeco. (Reply, at 3–4.) The report is only addressed to Yellow Claims and its public adjuster. (Declaration of Charles Younes ("Younes Decl."), Dkt. No. 22-2, Ex. C, at 1.) Even if Tran had sent the report to Safeco and requested a reopening of his claim, a mere request for reconsideration does not permit tolling. See Singh, 63 Cal. App., at 135.

Next, Tran also contends the claim was reopened on May 20, 2022, again tolling the statute of limitations. (Opp'n, at 18.) Safeco responds that its internal notes state the claim was "reopened for SIU investigation and state investigations," and not for reconsideration purposes. (Reply, at 4; Claim Notes, Younes Decl. Ex. D.)

The Court agrees that the reopening of Tran's claim is insufficient to toll the contractual limitations. Notably, this case is distinguishable from other similarly situated cases in that Safeco's claim notes clearly indicate that it reopened Tran's claim. See e.g. Singh, 63 Cal. App., at 138. However, equitable tolling is applicable only in limited circumstances where there was an "agreement to reopen" a claim, which requires at least some communication from the carrier to the insured that the claim was reopened. Singh, 63 Cal. App., at 144 (quotations omitted). For instance, the Singh court cites Walker v. Am. Bankers Ins. Grp., 108 Nev. 533, 539, 836 P.2d 59, 63 (1992), where the court applied equitable tolling because insurer agreed in writing to reopen the claim and the parties engaged in continuous negotiations regarding the claim until the plaintiff filed suit. See Singh, 63 Cal. App., at 14. These facts are not present in this instant case. There is no evidence other than the internal notes that confirm nor suggest that Safeco told Yellow Claims that it was reopening or reinvestigating the claim. Moreover, Tran makes no showing of any communications from Safeco that induced him to delay filing suit.

Policy reasons that supported equitable tolling in Prudential-LMI are also consistent with the Court's determination. 51 Cal. 3d, at 691; see also Ashou, 138 Cal. App. 4th, at 763 (explaining the five policy considerations support denial of equitable tolling from the time the insured seeks reconsideration). Equitable tolling is applied to ensure that there is sufficient time for the insurer to effectively process and fully investigate a claim before requiring the insured to file suit. This policy would not be advanced by equitable tolling a claim has already been unequivocally denied since the insured would have a basis to file suit. Similarly, equitable tolling "protects the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-00765-JVS-JDE | Date | February 10, 2025 |
| Title | Chien Tran v. Safeco Insurance Company of America et al | | |

reasonable expectations of the insured by requiring the insurer to investigate the claim without later invoking a technical rule that often results in an unfair forfeiture of policy benefits.  See id., at 692.  An insured does not have a reasonable expectation of a different outcome without the insurer's clear statement or prior negotiations that suggest that the claim has been reopened for investigation.

Lastly, Tran argues that the statute of limitations was also tolled by the California Insurance Commissioner's COVID-19 moratorium ("Notice"), which notified that insurers "should not attempt to enforce policy or statutory deadlines on policyholders until ninety (90) days after the end of the statewide state of emergency."  (Opp'n, at 19.)  Safeco contends that the Notice is not binding and merely advisory.  (Reply, at 5–6.)

The Court agrees that the Notice does not toll the statute of limitations because neither the language nor the presentation of the Notice suggests that it was intended to have the force of law.  As the Court previously found, the Notice is not framed as an order, but as a strong request, similar to the Commissioner's earlier requests to insurance companies.  See Scollard v. State Farm Gen. Ins. Co., No. CV 21-06145 PSG PVC, 2023 WL 5543975, at *7 (C.D. Cal. July 7, 2023), reconsideration denied, No. CV2106145PSGPVC, 2023 WL 5543974 (C.D. Cal. Aug. 11, 2023), and aff'd, No. 23-55747, 2024 WL 4648081 (9th Cir. Nov. 1, 2024).  If it were meant to have a binding effect, the Notice would have provided more specific guidelines about its new policy instead of using broad language in a single paragraph to prevent enforcement of contractual deadlines.  Moreover, interpreting the Notice as barring the enforcement of insurance policy deadlines until February 28, 2023, when Governor Newsom terminated the state of emergency, would result in voiding countless insurance policies across California.  See also Plichcik v. Safeco Ins., No. 3:21-CV-05137-JD, 2024 WL 497138, at *3 (N.D. Cal. Feb. 8, 2024).

In conclusion, neither the reopening of the claim nor the COVID-19 Notice tolled the statute of limitations, which began to accrue when Safeco unequivocally denied Tran's claim on July 30, 2021.  The question of reasonableness of Safeco's claim handling is rendered moot by Tran's failure to file suit within the claim limitations period.  Accordingly, based on the contractual limitations, the Court grants Safeco's Motion for summary judgment.

**IV. CONCLUSION**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:24-cv-00765-JVS-JDE               Date  February 10, 2025

Title    Chien Tran v. Safeco Insurance Company of America et al

For the foregoing reasons, the Court **GRANTS** the Motion.

    **IT IS SO ORDERED.**